# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN MCELROY, | : | Case No. 1:22-cv-253 |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| HAROLD MAY, WARDEN, TOLEDO CORRECTIONAL CENTER, | : | |
| Respondent. | : | |

## DECISION AND ENTRY
## ADOPTING IN PART THE REPORT AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 6)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Elizabeth P. Deavers.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on July 1, 2022, submitted a Report and Recommendations.  (Doc. 6).  Petitioner objected.[1]  (Doc. 9).

The gist of Petitioner's habeas petition is that he is "in custody" in violation of due process and equal protection because Petitioner, who was convicted of drug trafficking in Ohio, was denied sentence credits for certain programming he completed while in custody at the Western Illinois Correctional Center, where he was transferred pursuant to the Interstate Corrections Compact.  (Doc. 5).  The Magistrate Judge recommended

---

[1] Petitioner's objections were due on August 15, 2022, subject to an extension of time granted by the Magistrate Judge.  (Doc. 8).  His objections were dated August 28, 2022 (and docketed on September 6, 2022), making the objections untimely.  (Doc. 8).  However, following the Court's review of the pleadings, the Court *sua sponte* grants Petitioner an extension of time to file the objections and considers the objections as if timely filed.

dismissing the petition for failure to raise a cognizable § 2254 claim because Petitioner failed to connect his "in custody" status to a violation of his constitutional rights. (Doc. 6). Specifically, the Magistrate Judge determined that Petitioner failed to allege that his custodial status would <u>in fact</u> change because he failed to allege any credits earned—he provided "no information about the programs in which he has participated, when he participated in them, or how much credit he should have earned." (*Id.* at 4). Thus, Petitioner failed to allege that "'but for' the alleged [constitutional] violation he would be granted release." (*Id.* at 7).

Petitioner objected to this conclusion, arguing that his custodial status would change because "the whole point of" earned credit "is an opportunity to modify or change an inmate's custody status." (Doc. 9 at 1). But Petitioner's objection misses the mark.

It may be the case that sentence credits provide "an <u>opportunity</u>" to change an inmate's custodial status, but Petitioner has nevertheless failed to allege that <u>his</u> custodial status would in fact change. (*Id.*) (emphasis added). Petitioner provided no information in his objections (or, for that matter, in his petition) about the programs in which he purportedly participated, when he participated in these programs, or how much credit he should have earned. He thus has not shown that the Magistrate Judge's conclusion was in error. Indeed, Petitioner's objections evidence the opposite.

With his objections, Petitioner provided a letter dated July 20, 2022 and sent to him from the Ohio Department of Rehabilitation & Correction ("ODRC"). (Doc. 9 at 3). The letter stated that Petitioner is able to earn credits while incarcerated in Illinois; however, that records provided to the ODRC from Illinois reflected that Petitioner had

2

not yet successfully completed <u>any</u> programming. (*Id.*) The letter then informed Petitioner that, if he did have documentation showing that he had successfully completed programming, he should share that with his Illinois case manager so that the ODRC could determine whether he is entitled to earned credits. (*Id.*) Thus, the letter further supports the Magistrate Judge's recommendation, as Petitioner cannot claim entitlement to earned credits until he has participated in and successfully completed programming.[2] Indeed, he cannot allege that his "in custody" status would change but for the alleged violation of his constitutional rights until he successfully completes such programming.

    The Court nevertheless opted to provide Petitioner with a final notice and opportunity to demonstrate that he could state a cognizable § 2254 claim. In the Court's Order to stay, which Order was issued in part due to the Court's belief that Petitioner was being transferred to a new facility, the Court instructed Petitioner: (1) to submit a notice of change of address within 30 days of being placed at his final facility; and (2) to provide the Court with additional information concerning the ODRC's position on his earned credits with his notice of change of address.[3] (Doc. 10 at 2). The Court warned Petitioner that failure to timely submit the information would result in dismissal of the petition without prejudice. (*Id.*)

---

[2] The letter also suggests that, to the extent Petitioner did successfully participate in programming, he failed to engage with the ODRC and provide necessary documentation, despite the ODRC's notice and request for documentation.

[3] The Court further instructed Petitioner that, with respect to credits, the ODRC had informed Petitioner that he "need[ed] to provide additional information about the programs in which he participated in Illinois." (Doc. 10 at 2, fn. 2). The Court noted that it was "unclear whether Petitioner [had] provided such information." (*Id.*)

On February 3, 2023, Petitioner filed a motion to lift the stay of the Court's decision. (Doc. 11). With the motion, Petitioner included documentation evidencing that he had not been transferred and remained in Illinois. (*Id.* at 2). But, Petitioner did not include any additional information about the programs in which he purportedly participated at the Western Illinois Correctional Center or the ODRC's position on his earned credits.

Given the foregoing, the petition must be dismissed without prejudice. Petitioner has been given ample notice and opportunity to be heard, among them: the ODRC letter requesting that documentation be provided to his case manager; the Magistrate Judge's Report and Recommendations discussing Petitioner's failure to state a cognizable claim; and this Court's Order staying the decision and requesting additional information. Despite these repeated opportunities, Petitioner has failed to state a cognizable § 2254 claim. He failed to allege the programs in which he purportedly participated, when he participated in these programs, or how much credit he should have earned. Thus, Petitioner failed to allege that his custodial status would change but for the alleged constitutional violations.[4]

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the

---

[4] The Court is making no finding on whether, if Petitioner completes specific programming, he is entitled to credits. The Court is also making no finding on whether, if Petitioner (or any other prisoner) is denied credits, he would have a cognizable § 2254 claim. Such a finding would necessarily be dependent upon the circumstances of each such case.

filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendations is adopted in part.[5]

Accordingly:

1. The Report and Recommendations (Doc. 6) is **ADOPTED in part**;

2. Petitioner's objections (Doc. 9) are **OVERRULED**;

3. Petitioner's pending motions (Doc. 2, 3, 11) are **DENIED as moot**;

4. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED without prejudice**;

5. Because reasonable jurists would not debate the Court's conclusions, the Court **DENIES** issuance of a certificate of appealability, pursuant to 28 U.S.C. § 2253; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983));

6. The Court **CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore **DENIES** Petitioner leave to appeal *in forma pauperis*; and,

7. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date: 3/29/2023

*s/Timothy S. Black*
Timothy S. Black
United States District Judge

---

[5] The Magistrate Judge recommended issuing a certificate of appealability. This Court—with the benefit of Petitioner's objections, including the July 20, 2022 letter—disagrees and does not adopt this portion of the Report and Recommendations.